UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REINALDO ARRASTIA-
CARDOSO,

    Petitioner,

v.                                   Case No.:  2:20-cv-517-FtM-38MRM

UNITED STATES OF
AMERICA,

    Respondent.
                                 /

**OPINION AND ORDER**[1]

      Before the Court is Petitioner Reinaldo Arrastia-Cardosa's Motion for Witnesses to Appear by Video (Doc. 21) and the United States' Response in Opposition (Doc. 23).  On September 21, 2020, the Court set an evidentiary hearing for November 16, 2020.  (Doc. 8).  On October 15, 2020, the Court rescheduled the hearing for December 10, 2020.  (Doc. 12).  The Motion—filed just two days before the hearing—requests leave for two of Petitioner's witnesses to testify by video or telephone.  The only reasons given are travel time (the witnesses live in Miami) and general COVID-19 concerns.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The Federal Rules of Civil Procedure prefer live, in-person testimony. *See* Fed. R. Civ. P. 43(a) ("At trial, the witnesses' testimony must be taken in open court."); *see also id.* at advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten."). Yet Rule 43(a) allows "testimony in open court by contemporaneous transmission from a different location" if a party shows "good cause in compelling circumstances and with appropriate safeguards." Make no mistake, this is the rare exception to the in-person rule. *See Eller v. Trans Union, LLC*, 739 F.3d 467, 478-79 (10th Cir. 2013). Good cause and compelling circumstances require the "most persuasive showings." Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment. Such a showing may arise when a witness cannot "attend trial for unexpected reasons" like an "accident or illness." *Id.* Remote testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." *Id.*

Petitioner has not shown good cause for remote testimony. First, the witnesses have had ample time to make travel arrangements. Second, the Motion was filed too late to give the Court and the parties enough time to prepare for remote testimony. And third, general COVID-19 concerns—without any details—are not enough to justify remote testimony. That is particularly so given the precautions the Court has taken to fight the spread

of COVID-19 in the courthouse. These precautions begin with a temperature check at the front door for every person who walks into the building. They also include a face mask or shield mandate for every public area, along with social distancing. Hand sanitizer is conveniently located just about everywhere in the courthouse. The Court also outfitted an entire courtroom with plexiglass barriers to protect parties, witnesses, and Court personnel. On top of that, extra plexiglass barriers may be moved around the courtroom at either party's request as needed. Gloves are available, and the microphones have disposable covers to prevent cross contamination. These measures have proven successful in hearings and trials conducted over the last several months.

Accordingly, it is now

**ORDERED:**

Petitioner Reinaldo Arrastia-Cardosa's Motion for Witnesses to Appear by Video (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 9, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3