UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REINALDO ARRASTIA-CARDOSO,

    Petitioner,

v.   Case No.:  2:20-cv-517-FtM-38MRM

UNITED STATES OF AMERICA,

    Respondent.
_____/

### **OPINION AND ORDER**[1]

Before the Court is Petitioner Reinaldo Arrastia-Cardoso's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1).  Petitioner was convicted of conspiracy to commit and commission of robbery under the Hobbs Act, 18 U.S.C. § 1951.  Petitioner challenged the conviction on two grounds of ineffective assistance of counsel.  In Ground 1, Petitioner claims he told his lead trial counsel—Frank de la Grana—that he was working for Century Fire, Inc. during the robbery and when the getaway car was purchased.  Petitioner argues trial counsel

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

unreasonably failed to investigate and present an alibi defense. In Ground 2, Petitioner argues de la Grana unreasonably failed to produce expert testimony that DNA found on a gun grip at the scene of the robbery could have been deposited at a time other than the robbery.

The Court held an evidentiary hearing on Petitioner's alibi claim. The owner of Century Fire, Inc. testified, with supporting documentation, that Petitioner did not work on the day of the robbery. Petitioner acknowledged that he did not work on the day of the robbery, but he testified that—based on his good-faith recollection at the time—he told de la Grana he worked that day. De la Grana testified that he talked to Petitioner many times before the trial, that he had no recollection or notes of Petitioner mentioning an alibi, and that he would have investigated any potential alibi brought to his attention. Attorney James Gallagher, who assisted de la Grana at trial, testified that he never heard Petitioner mention an alibi.

After hearing the parties' evidence and arguments, the Court ruled from the bench. The Court found de la Grana's and Gallagher's testimony more credible than Petitioner's. Based on the testimony, the Court found that de la Grana was not deficient because Petitioner did not tell him about a possible alibi defense. And even if he did, Petitioner suffered no prejudice because the alibi proved to be false. As for Ground 2, de la Grana aptly and professionally cross-examined the government's DNA expert, and, as a result, the expert

admitted the evidence did not show when Petitioner's DNA was deposited onto the gun grip. Hiring another expert to give that same testimony would have been duplicative and would not likely have changed the outcome of the case. For the reasons stated on the record and summarized here, the Court denied both grounds of Petitioner's motion.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citations omitted). Petitioner has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is now

**ORDERED:**

3

Petitioner Reinaldo Arrastia-Cardoso's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**. The Clerk shall enter judgment, terminate all motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida December 14, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record